```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
CRYSTAL SPRUILL,                           |
                                           |
                    Plaintiff,             |
                                           |
        -against-                          |
                                           |
HAROLD LEVY, Chancellor of the Board of    |
Education; MS. WATSON, Principal of P.S.   |
92 Manhattan; JANE DOE, Staff of P.S. 92   |
Manhattan; NICHOLAS SCOPPETTA,             |04 Civ. 7316(KMW)(JCF)
Commissioner Administration for Children's |
Services (ACS); CHRIS SACKS, Case Worker   | OPINION AND ORDER
ACS; RAMON RIVERA, Agency Supervisor;      |
FLORENCE AWOTOYE, Case Worker Supervisor;  |
ASANA TRIPATHI, Director of Graham-        |
Windham Foster Care Agency; CATHERINE      |
OBOH, Case Planner Graham-Windham;         |
TIMOTHY DAVIS, Case Worker Graham-         |
Windham; MARY CARSON, Foster Parent        |
Graham-Windham; OFFICER WISE, Shield       |
# 2468 30th Pct.; and OFFICER McDONALD,    |
Shield # 17569 30th Pct.,                  |
                                           |
                    Defendants.            |
-------------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Plaintiff Crystal Spruill ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff initially alleged several claims arising from the removal of her children by the Administration for Children's Services ("ACS"), the subsequent placement of her children in foster care, and her related arrest. However, only Plaintiff's false arrest claim remains. (See Mar. 27, 2007 Order 4-5; D.E. 33.) The remaining defendants, New York City Police Department Officers Sidney Wise and Mark McDonald (the "Arresting Officers"), now move for

1

summary judgment on the false arrest claim. For the reasons stated below, the Court GRANTS the Arresting Officers' motion for summary judgment.

**I. Background**[1]

The Court sets forth the following undisputed facts related to Plaintiff's false arrest claim: On November 5, 2001, Plaintiff's sister, then the custodian of Plaintiff's children, brought the children to Plaintiff's home. (Am. Compl. 3; D.E. 6.) At that time, an order of protection permitted Plaintiff to have contact with her children only in the context of highly supervised agency visits.[2] (Schaerf Decl. Ex. C; D.E. 43.)

In the early hours of the morning on November 6, 2001, Child Protective Service workers arrived at Plaintiff's home and attempted to remove her children. (Am. Compl. 3.) When Plaintiff resisted, the workers sought assistance from the police. (Id.) The Arresting Officers, two New York City Police Department officers, were called to Plaintiff's home. (See Wise Aff. ¶¶ 3-5, D.E. 48; McDonald Aff. ¶¶ 3-5, D.E. 49.)

Prior to the Arresting Officers' arrival at Plaintiff's

---

[1] The factual background and procedural history of this action are set forth in full in (1) Magistrate Judge Francis's Report and Recommendation of January 23, 2007 (see D.E. 28), and (2) Magistrate Judge Francis's Report and Recommendation of June 12, 2008 (see D.E. 50), familiarity with which is assumed.

[2] Although Plaintiff disputes the basis of the order of the protection, she does not dispute that an order of protection had been issued and remained in effect on November 5-6, 2001. (See Schaerf Decl. Ex. D 3; Pl.'s Answer to Defs.' Interrog. ¶ 7, D.E. 41.)

2

home, Hani Malek of ACS informed the Arresting Officers that Plaintiff was in violation of an order of protection. (See Wise Aff. ¶ 6; McDonald Aff. ¶ 6.) When the Arresting Officers arrived at Plaintiff's home, two ACS workers again informed the Arresting Officers of the order of protection. (See Wise Aff. ¶ 7; McDonald Aff. ¶ 7.) Plaintiff was informed that she was in violation of the order of protection, but she continued to resist the removal efforts. (See Wise Aff. ¶¶ 8-9; McDonald Aff. ¶¶ 8-9.) The Arresting Officers then arrested Plaintiff. (See Wise Aff. ¶ 10; McDonald Aff. ¶ 10.)

Plaintiff brings a false arrest claim against the Arresting Officers. The Arresting Officers move for summary judgment on this claim. (See D.E. 43.) By Report and Recommendation dated June 12, 2008 (the "Report"), familiarity with which is assumed, Magistrate Judge Francis recommended the Court grant the Arresting Officers' motion for summary judgment. (Report 9-10.) Plaintiff submitted objections to the Report.[3] After de novo review of the Report and Plaintiff's objections, the Court grants summary judgment in favor of the Arresting Officers.

---

[3] The Arresting Officers argue that Plaintiff's objections were not timely filed and "plaintiff's application must be denied for that reason alone." (July 9, 2008 Ltr.) The Court notes that identical versions of Plaintiff's objections are filed as Docket Entries 52 and 53, which are respectively dated July 16, 2008 (not timely) and June 19, 2008 (timely). Despite this ambiguity, the Court need not reach the Arresting Officers' timeliness argument. After de novo review of the merits of the Report and Plaintiff's objections, the Court grants summary judgment in favor of the Arresting Officers. The Court thus treats Plaintiff's objections as timely filed.

**II. Discussion**

    **A. Standard of Review of a Magistrate Judge's Report and Recommendation**

The Court must review <u>de novo</u> those portions of the magistrate judge's report and recommendation to which timely written objections have been filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because Plaintiff proceeds <u>pro se</u>, her objections "are generally accorded leniency." <u>Dixon v. Ragland</u>, No. 03 Civ. 826, 2007 U.S. Dist. LEXIS 85159, at *3 (S.D.N.Y. Nov. 16, 2007) (citation omitted). Furthermore, the Court construes Plaintiff's objections to "raise the strongest arguments that they suggest." <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citation omitted).

    **B. Standard of Review of a Summary Judgment Motion**

Summary judgment is properly granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Guilbert v. Gardner</u>, 480 F.3d 140, 145 (2d Cir. 2007). The substantive law governing a case will determine which facts are material. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>; <u>see also</u> <u>Mitchell v.</u>

Shane, 350 F.3d 39, 47 (2d Cir. 2003).

The burden of demonstrating the absence of any genuine issue of material fact rests with the moving party. See Koch v. Town of Brattleboro, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp., 477 U.S. at 323). Once a motion for summary judgment is made and supported, "the non-moving party must set forth specific facts showing that there is a genuine issue for trial." Id. (internal quotation marks and citation omitted); see also Fed. R. Civ. P. 56(e)(2). At this stage, all inferences must be drawn in favor of the non-moving party. See Liberty Lobby, 477 U.S. at 255.

### C.  The Arresting Officers Had Probable Cause to Arrest Plaintiff

Probable cause "is a complete defense to an action for false arrest . . . under § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks and citations omitted). "New York [law] equates an order of protection with a showing of probable cause."[4] Otero v. Jennings, 698 F. Supp. 42, 45 (S.D.N.Y. 1988).

The Report determined that the Arresting Officers had probable cause to arrest Plaintiff because (1) "a validly issued order of protection was in effect at the time of [Plaintiff's]

---

[4] The Court looks to New York law because a false arrest claim under § 1983 is "substantially the same" as a false arrest claim under New York law. Weyant, 101 F.3d at 852.

arrest," (2) "the [A]rresting [O]fficers were aware of the existence of that order," and (3) Plaintiff "appeared to be in violation of the order." (Report 9.)  Plaintiff objects to this determination, arguing that probable cause can exist only if the order of protection is presented to the arresting officer. (See Pl.'s Objections 2-4; D.E. 52, 53.)  The Court finds that the circumstances surrounding Plaintiff's arrest established probable cause despite the fact that the order of protection itself was not presented to the Arresting Officers.

Plaintiff argues that an order of protection gives rise to probable cause only if the order of protection is presented to the arresting officer.  (See Pl.'s Objections 2-4.)  In support of her argument, Plaintiff cites a case in which the Court found probable cause, and in which the complainant had presented a copy of the order of protection to the arresting officer.  Otero, 698 F. Supp. at 44, 45-46.  Plaintiff also relies on the New York Family Court Act § 168(1), which provides that "[t]he presentation of a copy of an order of protection . . . to any . . . police officer shall constitute authority for him to arrest a person charged with violating the terms of such order of protection."  These authorities indicate that presentation of an order of protection to the arresting officer suffices to establish probable cause.  However, these authorities do not lead to the conclusion that such presentation is the exclusive means

of establishing probable cause.  See Coyle v. Coyle, 354 F. Supp. 2d 207, 211-12 (E.D.N.Y. 2005) (finding probable cause when the arresting officers relied on the complainant's written sworn statement that the plaintiff violated an existing order of protection); Campbell v. City of New York, No. 02 Civ. 5186, 2004 WL 943570, at *4 (S.D.N.Y. Apr. 30, 2004) (finding probable cause when the arresting officers relied on the complainant's oral statement that she had an order of protection); see also Weyant, 101 F.3d at 852 ("In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.") (citations omitted).

The Court finds that the circumstances surrounding Plaintiff's arrest established probable cause despite the fact that the order of protection itself was not presented to the Arresting Officers.  It is undisputed that prior to Plaintiff's arrest, the Arresting Officers had "reasonably trustworthy information" from three ACS workers that a valid order of protection was in effect.  It is undisputed that prior to her arrest, Plaintiff was informed that she was in violation of an order of protection; there is no indication in the record that Plaintiff ever denied the existence of the order of protection.

It is further undisputed that the Arresting Officers were present at Plaintiff's home when she was in violation of the order of protection. In these circumstances, the Court finds that the Arresting Officers had probable cause to arrest Plaintiff. The Arresting Officers thus present a complete defense to Plaintiff's false arrest claim.

### III. Conclusion

For the reasons set forth above, the Court adopts the Report's analysis and recommendation with respect to probable cause. (Report 7-10.) Accordingly, the Court GRANTS the Arresting Officers' motion for summary judgment. (D.E. 43.) The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
August 21, 2008

_____
Kimba M. Wood
United States District Judge

8